UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**PRO IMAGE INSTALLERS, INC.**

       **Plaintiff,**

v.                                                Case No. 3:08cv273/MCR/MD

**BARBARA R. DILLON, et al.,**

       **Defendants.**

_____/

**O R D E R**

Plaintiff, Pro Image Installers, Inc., has filed this action against its former employee, Defendant, Barbara Dillon, five corporations for whom Dillon worked after leaving Pro Image, and the CEO's of those corporations. Specifically, Pro Image alleges Dillon violated her employment contract with Pro Image by working for the corporations, all of which are direct competitors of Pro Image, and also claims that all defendants misappropriated Pro Image's trade secrets and tortiously interfered with its business relationships with its customers.

Now before the court are defendants' three motions to dismiss Pro Image's First Amended Verified Complaint on various grounds (docs. 23, 35, and 37),[1] and Pro Image's motion for a preliminary injunction (doc. 54). In one of the motions to dismiss, Defendants

---

[1] The motions and the grounds on which they seek dismissal are: David Osborne, Dave Osborne Construction Contracting, Inc., and American Installation Companies, LLC's motion to dismiss for lack of personal jurisdiction (doc. 23); American Installation Companies, LLC, Dave Osborne Construction Contracting, Inc., Nationwide Fixture Installations, Inc., and Southwest Fixture Installers, Inc.'s motion to dismiss for failure to comply with Rule 8 (doc. 23); Barbara Dillon's motion to dismiss count II based on res judicata and her related motion to preclude the application of Florida law (doc. 35); and Evan Giniger's motion to dismiss for lack of personal jurisdiction (doc. 37). Defendant Dynamic Resources, Inc. has not moved for dismissal.

American Installation Companies, LLC, Dave Osborne Construction Contracting, Inc., Nationwide Fixture Installations, Inc., and Southwest Fixture Installers, Inc.'s (the "Rule 8 Defendants") seek dismissal of the complaint against them for Pro Image's failure to comply with the pleading standards of Fed. R. Civ. P. 8. According to these defendants, Pro Image's "generalized [complaint] fails to satisfy the minimal requirements of Rule 8" by failing to distinguish among them and failing to distinguish them from the other defendants for liability purposes. Thus, they argue they are without sufficient notice as to the acts which Pro Image alleges each defendant has committed. Pro Image responds that its complaint gives adequate notice to each defendant of the claims against it, and further that Fed. R. Civ. P. 8 requires only "a short and plain statement" of a claim. Pro Image argues that, rather than filing a motion to dismiss, the Rule 8 Defendants should have sought clarification by filing a motion for more definite statement under Fed. R. Civ. P. 12(e). Finally, Pro Image requests that, should the court grant the Rule 8 Defendants' motion, it be permitted to amend its complaint.

**Legal standards**

Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Under this rule, when a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives adequate notice to each defendant. *Atuahene v. Hartford*, 10 F.App'x 33, 34 (2d Cir. 2001). Although a complaint against multiple defendants is usually read as making the same allegation against each defendant individually, *Crowe v. Coleman*, 113 F.3d 1536, 1539 (11th Cir. 1997), "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). A complaint that "lump[s] all the defendants together in each claim and provid[es] no factual basis to distinguish their conduct" fails to satisfy Rule 8. *Lane v. Capital Acquisitions and Management Co.*, No. 04-60602 CIV, 2006 WL 4590705, at *5 (S.D.Fla. 2006).

Dismissal is an appropriate remedy for a violation of Rule 8. *Atuahene*, 10 F.App'x at 34 (dismissing complaint failing to provide adequate notice to each defendant).

Dismissal may be especially appropriate where, as in this case, the plaintiff attempts to hold one defendant liable for the acts of other defendants or an individual defendant liable for the acts of a corporation. *See, e.g., Swiss Reinsurance America Corp. v. Access General Agency, Inc.*, 571 F.Supp.2d 882, 885–86 (N.D.Ill. 2008) (dismissing complaint where allegations failed to support corporate alter ego theory); *see also Magluta v. Samples*, 256 F.3d 1282, 1284 (11th Cir. 2001) (dismissing complaint where there was no differentiation between defendants, geographic and temporal realities made complaint factually impossible, and all defendants were named in each count).

**Discussion**

The court finds that Pro Image's First Amended Verified Complaint does not meet even the minimum pleading standard of Rule 8(a), because it does not provide adequate notice to each defendant of the nature of the claims against it. For example, the tort claims in Counts IV, V, and VI are pleaded against all or almost all the defendants,[2] but very little in these counts distinguishes the eight defendants from each other except for references to Dillon individually. *See Lane*, 2006 WL 4590705, at *5 (complaint failing to distinguish among five defendants dismissed as vague). Further, although Defendants David Osborne and Evan Giniger are alleged to be liable for torts in their individual capacities, the complaint makes no factual distinction between the acts of these individuals and the acts of the corporate defendants they control, nor does it provide any factual basis for their individual liability. *See Swiss Re*, 571 F.Supp.2d at 885. Additionally, Paragraph 76 (Count V) of the complaint states that "Defendants" are responsible for Pro Image losing contracts with two of its customers, idX and Target. Read literally, this implicates all eight defendants acting in concert for that loss. Paragraph 76, read in conjunction with the other allegations of the complaint, is too vague to provide adequate notice to the eight defendants who are named in Count V.

Although only four defendants—the Rule 8 Defendants—currently seek dismissal, the court finds that the complaint as a whole must be amended to satisfy Rule 8(a).

---

[2] Counts IV and V of the Amended Complaint state claims against all eight defendants, and Count VI is against seven defendants—all except Dillon.

Accordingly, the Amended Complaint will be dismissed without prejudice to being refiled. Based on the Rule 8 dismissal, all pending motions to dismiss for lack of personal jurisdiction and plaintiff's motion for preliminary injunction are now moot. The parties are free to refile those motions following the filing of any Second Amended Complaint.[3] Accordingly, it is hereby

ORDERED:

1. American Installation Companies, LLC, Dave Osborne Construction Contracting, Inc., Nationwide Fixture Installations, Inc., and Southwest Fixture Installers, Inc.'s motion to dismiss pursuant to Rule 8 (doc. 23) is GRANTED. David Osborne, Dave Osborne Construction Contracting, Inc., and American Installation Companies, LLC's motion to dismiss for lack of personal jurisdiction (doc. 23) is DENIED as moot without prejudice to its refiling. Thus, doc. 23 is GRANTED in part and DENIED in part.

2. Plaintiff shall have twenty days to file its Second Amended Complaint, and responses to this complaint are due twenty days after it is filed.

3. Defendants' other pending motions to dismiss (docs. 35 and 37) and plaintiff's motion for a preliminary injunction (doc. 54) are DENIED as moot without prejudice to their refiling.

**DONE AND ORDERED** this 15th day of January, 2009.

s/ *M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[3] In any amended complaint, Pro Image should clearly state the basis for the court's jurisdiction over each defendant under both the Florida long-arm statute and the Due Process Clause of the Fourteenth Amendment. Also, to the extent motions to dismiss for lack of personal jurisdiction are filed in response to an amended complaint, the court directs the parties' attention to the recent Eleventh Circuit decision of *Licciardello v. Lovelady*, 544 F.3d 1280 (11th Cir. 2008).