IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PRO IMAGE INSTALLERS, INC.

 Plaintiff,

v.                 CIVIL ACTION NUMBER:
                  3:08-cv-00273-MCR-MD

BARBARA R. DILLON, DAVE OSBORNE
CONSTRUCTION CONTRACTING, INC.,
NATIONWIDE FIXTURE INSTALLATIONS,
INC., SOUTHWEST FIXTURE INSTALLERS,
INC., AMERICAN INSTALLATION COMPANIES,
LLC, DAVID T. OSBORNE, DYNAMIC
RESOURCES, INC., AND EVAN GINIGER,

 Defendants.
_____/

## STIPULATED PROTECTIVE ORDER

  The parties in the above-styled action are now engaged in pre-trial discovery, which discovery may involve the request for disclosure of information deemed by one or more parties to be confidential or privileged.  The parties have moved for a court order specifying the terms and conditions under which such information may be disclosed, and have stipulated to said terms.

  Accordingly, it is ORDERED:

  The motion for protective order (doc. 144) is GRANTED, and it is further ordered pursuant to the Stipulation of the parties through their respective counsel:

  1. <u>Definition of "confidential or privileged information</u>."  "Confidential or privileged information" as used herein means any document, electronic data, interrogatory answer, testimony, audio and/or visual recording, or other information, material or writing

sought or obtained through discovery which is designated in good faith by any party as confidential or privileged subject to the provisions of Paragraph 2 allowing other parties to challenge such designation.

2. <u>Designation</u>. A party shall designate a document, data, pleading, or other tangible item or material as confidential or privileged information by so labeling the same. Testimony designated as confidential or privileged by oral statement on the record or, when such testimony is incorporated into a written transcript, by separate written notice to all parties giving page and line references. The designation of information as confidential or privileged may be made at any time; however, until designated as confidential or privileged such information may be utilized by the parties to whom disclosure has been made without the restrictions imposed by this Order. In the event that any party disagrees with the designation of information as confidential or privileged, the parties shall first attempt to resolve the dispute on an informal basis without involvement of the Court. If the parties are unable to reach a resolution of the dispute in this manner, then the party challenging the designation may present the matter to the Court by motion. In such a motion, the party designating the information as confidential or privileged shall have the burden of showing that such designation is proper. To the extent that the information must be reviewed by the Court for a determination of this issue, the Court shall review the information <u>in camera</u>. If information designated as confidential or privileged appears or is found in a publicly available form without fault on the part of the party to whom disclosure has been made, then such information shall no longer be subject to the restrictions of the Stipulated Order.

3. <u>Use and Disclosure.</u> Confidential or privileged information which is disclosed pursuant to this Stipulated Order shall be used only for purposes of this litigation and for no other purpose. Confidential or privileged information shall not be disclosed to anyone other than the following persons:

(a) The judge and personnel of the court;

    (b)    Counsel of record, their associated attorneys and their regularly employed support staff, including paralegal and clerical personnel engaged in the conduct of this litigation;

    (c)    Stenographic and/or videotape reporters not regularly employed by the Court who are retained in connection with these proceedings and who execute an affidavit in the form attached hereto as Exhibit A before disclosure is made to them;

    (d)    Prospective expert witnesses or other persons requested by counsel to give testimony, furnish technical or other expert services or consultation, or otherwise assist in the preparation of this matter for trial and who execute an affidavit in the form attached hereto as Exhibit A before disclosure is made to them.

Disclosure under (d) shall be made only after written notice has been given to counsel for the party from which the information to be disclosed has been obtained. This notice shall state the name, address, and occupation of the person to whom disclosure is to be made, and shall identify in detail the nature of the information intended to be disclosed. No disclosure shall be made for ten days after service of such written notice. If counsel objects to the disclosure of the information, counsel shall serve an objection to such disclosure and within ten days thereafter file a motion with the Court for relief consistent with the objection. Pending an order of the Court on the motion, no disclosure shall be made except by written agreement of the parties.

    4.    <u>Filing</u>.  All confidential or privileged information which is filed with the Court in connection with this proceeding shall be filed under seal and kept under seal until the final resolution of this matter.

    5.    <u>Use at Trial</u>.  If counsel intends to introduce into evidence at trial any confidential or privileged information disclosed pursuant to this Order, such counsel shall give reasonable notice of that intention to the Court and counsel for the party having

furnished the information.  The Court may then take such steps as it shall deem reasonable and appropriate in order to preserve the confidentiality of the information at trial.

6.  <u>Continuing Effect of Order and Return of Information</u>.  Upon the final resolution of this matter, this Order shall continue to be binding upon all counsel of record and persons to whom the information has been disclosed pursuant to Paragraph 3 of this Order.  Further, upon final resolution of the action, all tangible confidential or privileged information, including copies thereof, shall be returned to counsel for the disclosure party, and all confidential or privileged information filed with the Court shall likewise be returned.

7.  <u>Miscellaneous</u>.  Nothing in this Order shall be construed to waive the right of any party to assert objections to the production of information on any ground.  Further, noting in this Order shall prohibit any party from seeking amendments hereto broadening or restricting the right of access to and use of confidential or privileged information, or seeking to modify this Order by stipulation.

DONE AND ORDERED this 5th day of May, 2009.

/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PRO IMAGE INSTALLERS, INC.

   Plaintiff,

  v.              CIVIL ACTION NUMBER:
                    3:08-cv-00273-MCR-MD

BARBARA R. DILLON, DAVE OSBORNE
CONSTRUCTION CONTRACTING, INC.,
NATIONWIDE FIXTURE INSTALLATIONS,
INC., SOUTHWEST FIXTURE INSTALLERS,
INC., AMERICAN INSTALLATION COMPANIES,
LLC, DAVID T. OSBORNE, DYNAMIC
RESOURCES, INC., AND EVAN GINIGER,

   Defendants.
_____/

**AFFIDAVIT OF _____ REGARDING DISCLOSURE
OF CONFIDENTIAL OR PRIVILEGED INFORMATION,
<u>PURSUANT TO ORDER OF COURT</u>**

STATE OF _____)
          ) ss.
COUNTY OF _____)

_____, being first duly sworn, deposes and states as follows:

  1.  I am one of the persons described in Paragraph 3 of the Stipulated Protective Order in this matter dated _____, 2009. I make this Affidavit pursuant to the requirements of such paragraph of the Order as a precondition of the disclosure of confidential or privileged information to me.

*Case No: 3:08cv273/MCR/MD*

2.    I represent and agree that (a) I have read and shall be fully bound by the terms of the Stipulated Protective Order which is incorporated herein by reference; (b) all such confidential or privileged information as is disclosed to me pursuant to the Protective Order shall be maintained by me in strict confidence, and I shall not disclose any such information except in accordance with the protective order; (c) I shall not make or cause to be made copies or other reproductions in any form whatsoever of any confidential or privileged information provided to me pursuant to the Protective Order; (d) I shall, upon being notified of the termination of this action, return all confidential or privileged information to counsel for Plaintiff, and I shall destroy any notes or memoranda which I may have regarding the confidential or privileged information.

3.    I do and shall subject myself to the continuing jurisdiction of the above-entitled Court over my person, where I shall be, for the enforcement of the Court's Protective Order referred to herein.

FURTHER AFFIANT SAYETH NOT.

_____

SUBSCRIBED AND SWORN to before me this ____ day of _____, 2009, by _____.

_____
NOTARY PUBLIC

My commission expires:

_____