IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PRO IMAGE INSTALLERS, INC.,
 Plaintiff,

vs.           CASE NO.: 3:08cv273/MCR/MD

BARBARA R. DILLON, DAVE OSBORNE
CONSTRUCTION CONTRACTING, INC.,
NATIONWIDE FIXTURE INSTALLATIONS, INC.,
SOUTHWEST FIXTURE INSTALLERS, INC.,
AMERICAN INSTALLATION COMPANIES, L.L.C.,
DAVID T. OSBORNE, DYNAMIC RESOURCES INC.,
and EVAN GINIGER
 Defendants.

## ORDER and
## REPORT AND RECOMMENDATION

  On June 15, 2009, this court recommended that the motion to dismiss based on lack of personal jurisdiction and failure to comply with the pleading requirements of Rule 8, Fed.R.Civ.P. filed by defendants David T. Osborne, Dave Osborne Construction Contracting, Inc., American Installation Companies, LLC, Nationwide Fixture Installations, Inc. and Southwest Fixture Installers, Inc. (doc. 98) be denied in its entirety. On July 13, 2009, plaintiff and these defendants filed a notice of settlement and stipulation of dismissal, thus rendering the court's recommendation and the motion itself moot. (Doc. 157).

  Accordingly, it is ORDERED:

  The court's recommendation entered on June 15, 2009 (doc. 156) is hereby VACATED.

And it is respectfully RECOMMENDED:

Defendants' motion to dismiss based on lack of personal jurisdiction and failure to comply with the pleading requirements of Fed.R.Civ.P. 8 (doc. 98) be DENIED as MOOT.

That in accordance with the parties' notice of settlement (doc. 157), Counts IV, VI and VIII of the second amended complaint be dismissed with prejudice as to defendants David T. Osborne, Dave Osborne Construction Contracting, Inc., American Installation Companies, LLC, Nationwide Fixture Installations, Inc. and Southwest Fixture Installers, Inc. only, with each side to bear its own costs.

At Pensacola, Florida this 15th day of July, 2009.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten (10) days after being served a copy hereof. *Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.* A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).