IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PRO IMAGE INSTALLERS, INC.

    Plaintiff,

v.

BARBARA R. DILLON, DAVE OSBORNE
CONSTRUCTION CONTRACTING, INC.,
NATIONWIDE FIXTURE INSTALLATIONS,
INC., SOUTHWEST FIXTURE INSTALLERS,
INC., AMERICAN INSTALLATION COMPANIES,
LLC, DAVID T. OSBORNE, DYNAMIC
RESOURCES, INC., AND EVAN GINIGER,

    Defendants.
_____/

CIVIL ACTION NUMBER:
3:08-cv-00273-MCR-MD

**CONSENT FINAL JUDGMENT**

This cause is before the Court on the Joint Motion for Entry of a Consent Final Judgment pursuant to a settlement of all claims reached between Plaintiff PRO IMAGE INSTALLERS, INC. ("PRO IMAGE"), and Defendant BARBARA R. DILLON ("DILLON"), and the Court having reviewed the Joint Motion, and being otherwise fully advised in the premises,

NOW THEREFORE and upon the consent of the Parties hereto for entry of final judgment without trial or adjudication of any issue of fact or law herein,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

Plaintiff PRO IMAGE filed a Complaint for injunctive relief and monetary damages in this matter alleging that Defendant DILLON breached the non-compete and confidentiality provisions of the contract she executed in Florida, and committed intentional tortious acts calculated to and resulting in harm to Plaintiff; to wit, misappropriation of trade secrets, and tortious interference with business relations. DILLON denied the allegations.

Rec'd 0223'10 UsDcFln 3PM 1240

## I. PARTIES

Plaintiff PRO IMAGE is a Florida Corporation with its principal place of business in Santa Rosa County, Florida doing business in the state of Florida and throughout the United States and Canada.

Barbara R. DILLON ("DILLON"), an individual, is a resident of the state of Minnesota.

## II. JURISDICTION AND VENUE

This Court has jurisdiction of the subject matter herein and of each of the Parties consenting hereto. Venue is proper in the Northern District of Florida, Pensacola Division, pursuant to 28 USC § 1391, in that all claims alleged herein arose within this District. The Court has authority to grant equitable relief, monetary damages and all other relief necessary to enforce this Judgment pursuant to 28 USC §§ 2201 and 2202.

## III. DEFINITIONS

Defined Terms include:

1. *"Parties"* means PRO IMAGE and DILLON, when used in the conjunctive.

2. *"Party"* means PRO IMAGE and/or DILLON.

3. *"Effective Date"* means the date upon which this Consent Final Judgment is entered by the Court.

4. *"Notification Address"*

    (a) means as to PRO IMAGE: 1970 Highway 87, Suite 101, Navarre, FL 32566

    (b) means as to DILLON: 130 Jacks Drive, Madison Lake MN 56063

5. *"Mediation Settlement Agreement"* means the written settlement agreement executed by the Parties pursuant to the mediation held on December 11, 2009.

6. *"Non-Compete and Confidentiality Agreement"* means the new non-compete and confidentiality agreement executed between PRO IMAGE and DILLON for a period of five (5)

years in accordance with the provisions of the Mediation Settlement Agreement, a copy of which is attached hereto as Attachment "A".

**IV. TERMS**

1. Judgment is hereby entered in favor of the Plaintiff, PRO IMAGE, and against Defendant DILLON in the above-captioned action for the sum of THREE HUNDRED AND FIFTY THOUSAND NO/100 DOLLARS ($350,000.00), plus interest at the legal rate from the Effective Date until paid, subject to the stipulated terms and conditions regarding forbearance, execution and payments as follows:

(a) DILLON shall pay to PRO IMAGE the sum of FIFTY AND NO/100 DOLLARS ($50.00) per month for five (5) years, for a total sum of THREE THOUSAND AND NO/100 DOLLARS ($3,000.00), with no prepayment penalty, which payments shall be applied against the judgment amount listed in paragraph 1, above. Such payments shall commence on February 1, 2010, and shall be mailed to PRO IMAGE's Notification Address, and are to be received by the first of each month.

(b) So long as DILLON timely makes the payments described in subparts (a) above and (d) below, PRO IMAGE will forbear execution on the Consent Final Judgment monetary amount, and the judgment amount shall bear no interest.

(c) At any time DILLON elects to do so, she may make lump sum payments to PRO IMAGE of at least five thousand dollars ($5,000.00) toward the judgment amount, in addition to and separate and distinct from the monthly installment payments, in which event credit toward the balance of the judgment shall be given for double the amount of each such lump sum payment.

(d) At the expiration of five (5) years from January 1, 2010, or upon Default of the monthly payments described in subpart (a) above, PRO IMAGE may execute on the balance of the judgment, and interest will begin to accrue at the legal rate of interest then in effect for the state of Florida. A Default of the monthly payment obligation under subpart (a) shall be deemed to occur if payment is not received by the 11th day of the month, and there has not otherwise been a prepayment of the monthly installment amount. At the conclusion of five (5) years and absent Default, PRO IMAGE will continue to forbear execution of the judgment, and interest will not accrue, if DILLON elects to and does make monthly installment payments to be applied against the judgment of not less than 4% of her gross monthly income at that time. Such payments, if made, shall be due to PRO IMAGE by the first day of each month. Reliable proof of DILLON's gross income shall be supplied to PRO IMAGE upon demand in conjunction with and for the duration of such election, which demand shall not be made more than once annually.

2. DILLON confirms that she is not currently employed by or affiliated with any of the other named defendants to this action, and is not otherwise working in the fixture, graphics and millwork installations and project management industry for retail, financial, grocery, government or healthcare businesses. DILLON will comply with the obligations of the Non-Compete and Confidentiality Agreement executed contemporaneously with this Consent Final Judgment (Attachment "A").

3. For two (2) years following the expiration of the five (5) year non-compete period set forth in the afore-mentioned Non-Compete and Confidentiality Agreement, DILLON shall notify PRO IMAGE, at PRO IMAGE'S Notification Address, or any new address supplied, if DILLON becomes employed by or contracts with any person or entity conducting business providing

Page 4 of 8

fixture, graphics, or millwork installation services or products, immediately providing the name of such employer or affiliate and her position with same. Upon offer of such employment, DILLON shall inform any such persons or entities of the facts of this lawsuit, the Non-Compete and Confidentiality Agreement, and this Consent Final Judgment. PRO IMAGE reserves the right to contact said employer or entity to verify conveyance of this information by DILLON of same.

4. DILLON will not contact, communicate with or otherwise interfere with, usurp or otherwise take actions to directly or indirectly negatively impact PRO IMAGE's relationship with customers, potential customers, competitors, contractors, agents or employees.

5. All direct contact between PRO IMAGE and DILLON shall be by mail to the other Party's Notification Address, or any new address supplied. Each Party shall provide the other with a current Notification Address at all times. Alternatively and only at the direction of PRO IMAGE, DILLON may contact PRO IMAGE through its current attorney, Leslie D. Sheekley, Chesser & Barr, P.A., 36468 Emerald Coast Parkway, Suite 1101, Destin, Florida 32541.

6. Each Party shall bear their own attorney's fees and costs incurred to date in the above-captioned suit and in the Minnesota State Court action between the Parties which arose from these same transactions and events.

7. All pending counterclaims asserted by DILLON in this action are resolved by this Consent Final Judgment and by agreement of the Parties are hereby dismissed with prejudice.

8. Defendant DILLON waives all rights to seek judicial review or otherwise challenge or contest the validity of this Consent Final Judgment and the Non-Compete and Confidentiality Agreement.

9. Defendant DILLON states that she has entered into this Consent Final Judgment and Non-Compete and Confidentiality Agreement freely and without coercion. Defendant DILLON further states that she has read or has otherwise been fully advised of the provisions of such and is fully prepared to abide by them.

10. Each Party shall comply with the terms of the Mediation Settlement Agreement between the Parties, regardless of whether or not such terms are repeated in this Consent Final Judgment.

11. Any violations of this Consent Final Judgment may be subject to civil penalties and/or sanctions as are provided by law, and injunctive relief and damages as set forth in the Non-Compete and Confidentiality Agreement. This Court retains jurisdiction of this action for the purpose of ensuring compliance and enforcing the provisions of this Judgment. Any Party to this Consent Final Judgment may apply to this Court at any time for such further orders and directions as may be necessary or appropriate for the construction and enforcement of this Consent Final Judgment. The prevailing Party shall be entitled to an award of its reasonable attorneys' fees and costs incurred in obtaining enforcement thereof.

IT IS FURTHER ORDERED that Defendant DILLON, within five (5) business days of receipt of this Consent Final Judgment as entered by the Court, must submit to PRO IMAGE a truthful sworn statement acknowledging receipt of this Consent Final Judgment in the style of the form appended as Attachment "B" hereto.

Pursuant to stipulation of the Parties, and for good cause shown, **SO ORDERED** this 23rd day of February, 2010.

By: *M. Casey Rodgers*
M. CASEY RODGERS
UNITED STATES DISTRICT JUDGE

**Consented to by the Parties**

**Plaintiff:**

CHESSER & BARR, P.A.

/s/ Leslie D. Sheekley
Leslie D. Sheekley, Esq.
Florida Bar Number: 499064
36468 Emerald Coast Pkwy
Old South Centre, Suite 7102
Destin, Florida 32541
Telephone: (850) 654-3855
Facsimile: (850) 654-6084
Email: Sheekley@chesserbarr.com
Counsel for Plaintiff Pro Image


**STATE OF FLORIDA**
**COUNTY OF SANTA ROSA**

PRO IMAGE INSTALLERS

By: /s/ Tami Kay Hodge
Tami K. Hodge
Its President
1970 Highway 87, Suite 101
Navarre, Florida 32566

The foregoing instrument was acknowledged before me this __8__ day of __February__, 2010 by __Tami Kay Hodge__, who is personally known to me or who has produced __N/A__ as identification.

[SEAL]

/s/ Robin A. Glenn
NOTARY PUBLIC

My commission expires: May 13, 2011

Robin A. Glenn
Print or type name



ROBIN A. GLENN
Notary Public - State of Florida
My Commission Expires May 13, 2011
Commission # DD 673475
Bonded Through National Notary Assn.

**Defendant DILLON, Pro Se:**

STATE OF MINNESOTA
COUNTY OF Freeborn

By: *Barbara R. Dillon*
Barbara R. Dillon
130 Jacks Drive
Madison Lake MN 56063
Defendant

The foregoing instrument was acknowledged before me this 27th day of January, 2010 by Barbara R Dillon, who is personally known to me or who has produced Minnesota Drivers License as identification.

[SEAL] BETH MARIE GOODMAN
Notary Public-Minnesota
My Commission Expires Jan 31, 2010

*Beth Marie Goodman*
NOTARY PUBLIC

My commission expires: 1/31/2010

Beth Marie Goodman
Print or type name

## NON-COMPETE AND CONFIDENTIALITY AGREEMENT

This agreement is between Pro Image Installers, Inc., its subsidiaries, affiliates, successors and assigns (collectively referred to as "Pro Image"), and Barbara R. Dillon ("Dillon"), who formally worked for Pro Image pursuant to a Master Subcontractor Agreement dated July 5, 2006. In consideration for the settlement of the Lawsuit (Case No. 3:08-cv-00273-MCR-MD, in the U.S. District Court for the Northern District of Florida) brought by Pro Image against Dillon, Dillon agrees to abide by the terms of this agreement, effective as of the date of the last signature below.

1. **Non-Competition.**

For a period of five (5) years following the date of this agreement and for valuable consideration, Dillon will not, without the prior written consent of Pro Image:

(i) On Dillon's behalf or on behalf of any other party, solicit or seek the business of any customer, end user, or account or potential customer or account of Pro Image and wherein said solicitation involves a product and/or service substantially similar to or competitive with any present or future product and/or service of Pro Image or through which Dillon gained access or introduction to customer, end user, agent or account through performance of his/her work for Pro Image; or,

(ii) Shall not directly or indirectly compete with Pro Image, including in positions such as manager, operator, or controller, or in marketing, sales, business development or the like, of any business offering the same or substantially the same product and/or service as Pro Image.

Dillon acknowledges that the 5 year non-compete period set forth in Dillon's Master Subcontract Agreement, from which the Lawsuit arose, was enforceable pursuant to Florida Statute Chapter 542, and in settlement of the Lawsuit, agrees to abide by the renewed 5 year non-compete period and will not contest its enforceability in any court of law.

2. **Business Interests.**

Dillon acknowledges that Pro Image provided her, as part of her employment with Pro Image, access to trade secrets, confidential business or professional information, and customers. Dillon agrees to retain such information as confidential and not use said information, directly or indirectly, on her own behalf or disclose same to any third party. Dillon's obligation not to compete contained in paragraph 1 above is necessary to protect Pro Image's confidential and trade secret information, and consequently to preserve the value and goodwill of the company.

### 3. Notification of New Employer.

In the event that Dillon undertakes employment with any business where such confidential information might be valuable, Dillon agrees that Pro Image may notify Dillon's new Employer about the rights and obligations of this agreement.

### 4. Solicitation of Employees.

Dillon shall not, for a period of five (5) years immediately following the date of this agreement, directly or indirectly hire any of Pro Image's employees or contractors and will not, either directly or indirectly, solicit, induce, recruit or take away such employees, or attempt to solicit, induce or recruit, encourage or take away any of Pro Image's employees or contractors, either for Dillon or for any other person or entity.

### 5. Equitable Relief and Liquidated Damages.

It is agreed that it would be extremely difficult to measure or calculate Pro Image's damages resulting from breach of the covenants set forth herein. Accordingly, and in the event of breach of any of the covenants contained in paragraphs 1, 2, 4 and/or 6 herein, Pro Image will have available the right to obtain a temporary and permanent injunction from a Florida court restraining such breach or threatened breach, in addition to any other remedy Pro Image may have for a breach or threatened breach of this agreement, including the recovery of damages.

### 6. Confidentiality and Non-Disclosure and Protection of Proprietary Information Agreement.

For valuable consideration in the settlement of the Lawsuit, Dillon agrees not to use, for herself or others, or disclose or divulge to others any trade secrets, confidential information or client name or lists, job names or lists, proprietary information or any other data of Pro Image's customers or potential customers. Dillon further agrees to take all necessary and reasonable precautions to protect this type of information from unauthorized disclosure.

> a. Dillon agrees and acknowledges that during her engagement with Pro Image, there was disclosed to her certain trade secrets, confidential and/or proprietary information such as:
> > i. Technical information: methods, processes, formulae, compositions, forms, systems, techniques, inventions, machines, computer programs and research projects.
> > ii. Business information: customer lists and potential customer lists, job lists, pricing data, sources of supply, sources of services, photos and job completion documentation, plans and schedules, and marketing, production, or merchandising systems or plans.
>
> b. Dillon understands that technical and business information of the types listed above are valuable, special, and unique assets of Pro Image, and Dillon agrees not to use for

herself or others, or disclose or divulge to others any technical information, business information, trade secrets, confidential information, or any other data of Pro Image or their customers, or subcontractors in violation of this agreement.

## 7. Attorneys' Fees and Costs.

Dillon shall pay Pro Image's legal fees and costs incurred in any proceeding necessary to enforce this agreement.

## 8. General Provisions.

   a. **Governing Law:** This agreement will be governed by the laws of the State of Florida.

   b. **Counterparts:** This agreement may be executed in any number of counterparts, each of which shall be enforceable, and all of which together shall constitute one agreement.

   c. **Copy:** Dillon acknowledges that he/she has received an executed copy of this agreement.

PRO IMAGE INSTALLERS

By: _____
Tami K. Hodge, Its President
1970 Highway 87, Suite 101
Navarre, Florida 32566

Date: 9 February 2010

**[SIGNATURES CONTINUED ON NEXT PAGE]**

By: *Barbara R. Dillon*
Barbara R. Dillon
130 Jacks Drive
Madison Lake MN  56063

Date: 1-27-10

STATE OF Minnesota
COUNTY OF Freeborn

    The foregoing instrument was acknowledged before me this __27__ day of __January__, 2010 by __Barbara R Dillon__, who is personally known to me or who has produced __Minnesota Drivers License__ as identification, and by _____, who is personally known to me or has produced _____ as identification.

[SEAL] BETH MARIE GOODMAN
Notary Public-Minnesota
My Commission Expires Jan 31, 2010

*Beth Marie Goodman*
NOTARY PUBLIC

My commission expires:     Beth Marie Goodman
1/31/2010    Print or type name

Page 4 of 4
ATTACHMENT "A" TO CONSENT FINAL JUDGMENT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

PRO IMAGE INSTALLERS, INC.

    Plaintiff,

v.

BARBARA R. DILLON, DAVE OSBORNE
CONSTRUCTION CONTRACTING, INC.,
NATIONWIDE FIXTURE INSTALLATIONS,
INC., SOUTHWEST FIXTURE INSTALLERS,
INC., AMERICAN INSTALLATION COMPANIES,
LLC, DAVID T. OSBORNE, DYNAMIC
RESOURCES, INC., AND EVAN GINIGER,

    Defendants.
_____/

CIVIL ACTION NUMBER:
3:08-cv-00273-MCR-MD

## AFFIDAVIT OF BARBARA R. DILLON

I, Barbara R. Dillon, being duly sworn, hereby states and affirms as follows:

1. My name is Barbara R. Dillon, and I have personal knowledge of the facts set forth in this Affidavit.

2. I am a defendant in the above-styled civil action.

3. On , _____ 2010, I received a copy of the Consent Final Judgment, which was signed by the Honorable M. Casey Rodgers and entered on _____, 2010.

4. A true and correct copy of the Consent Final Judgment that was received is appended to this Affidavit.

I declare under penalty of perjury that the foregoing is true and correct.

**[SIGNATURE ON FOLLOWING PAGE]**

STATE OF MINNESOTA

COUNTY OF _____

                          By: _____
                                 Barbara R. Dillon

THE foregoing instrument was acknowledged before me this _____ day of _____, 20\_\_\_\_ by _____, who is personally known to me or who has produced _____ as identification.

[SEAL]

                              _____
                              NOTARY PUBLIC

My commission expires:         _____
                              Print or type name